IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE AMERICAN OUTDOORSMAN, INC., | ) ) |
| Plaintiff, | ) ) |
| vs. | ) Civil Action No. 13-443 ) Magistrate Judge Maureen P. Kelly ) |
| SHADOW BEVERAGES AND SNACKS, LLC, | ) ) ) Re: ECF No. 88 |
| Defendant. | ) |

**MEMORANDUM ORDER**

Presently before the Court is Plaintiff's Motion to Compel Compensation for Expert Discovery Pursuant to Fed. R. Civ. P. 12(b)(4)(E), ECF No. 88, in which Plaintiff seeks compensation for its expert, Andrea Hein, relative to expert discovery produced at Defendant's behest.

**I.  BACKGROUND**

The record shows that Plaintiff retained Ms. Hein as an expert witness on or about November 15, 2013, to provide testimony regarding the economic damages sustained by Plaintiff as the result of Defendant's breach of the Licensing Agreement entered into by the parties. The retention letter, pursuant to which Ms. Hein was hired, indicates that her fees were to be incurred on an hourly basis at the rate of $500.00 per hour for consultation, review and preparation, and at the rate of $750.00 per hour for testimony at deposition, arbitration or trial. ECF No. 88-2, p. 2.

Defendant noticed Ms. Hein's deposition for February 18, 2014. In accordance with the subpoena issued to her with the Notice to Take Deposition Duces Tecum, Ms. Hein reviewed and prepared certain license agreements for production. Without voicing any objection to the

1

subpoena or to Defendant's request that she produce the requested license agreements, Ms. Hein produced only a portion of the requested license agreements citing "employee confidentiality" as to the others. ECF No. 43, ¶ 4. Further, according to Defendant, the license agreements that Ms. Hein did produce were so heavily redacted that they were of no use. Id.; ECF No. 90, ¶¶ 7-8.

Consequently, on February 24, 2014, following Ms. Hein's deposition, Defendant filed a Motion to Compel asking that Ms. Hein be required to produce all of the documents responsive to the subpoena with the understanding that she could redact the names of the parties to the various licensing agreements and that she could mark any document as confidential thereby subjecting it to the protective order previously entered into by the parties. ECF No. 43, ¶ 8. Although Plaintiff generally objected to Defendant's request for documents as overly broad and unduly burdensome, it nevertheless did not object to Ms. Hein producing any licensing agreements within her custody and control, provided that the names of the parties to the license agreements and the names of any specific people, products, entities or other proper nouns which could indicate the identities of the parties, be redacted prior to production. ECF No. 45. This Court granted Defendant's Motion to Compel on February 28, 2014, and ordered Ms. Hein to produce the requested license agreements within her possession and control on or before March 7, 2014, with the proviso that she could mark as confidential any document so as to bring it within the protective order already in place, and that she could only redact any identifying information in the licensing agreements as set forth above. ECF No. 44.

It appears that Ms. Hein subsequently produced the requested license agreements in accordance with this Court's Order and submitted an invoice to Defendant dated March 3, 2014, for her services relative to Defendant's subpoena and her deposition testimony in the amount of

$18,279.55.[1]  ECF No. 88-5.  Specifically, Ms. Hein billed Defendant as follows:

1) $7,125.00 for 14.25 hours (x $500/hr. fee) of subpoena and deposition preparation prior to her deposition;

2) $6000.00 for 8 hours (x $750/hr. fee) of time spent relative to her deposition, including travel time;

3) $5000.00 for 10 hours (x $500/hr. fee) of document preparation following her deposition in response to this Court's Order compelling Ms. Hein to produce the properly redacted license agreements; and

4) $154.55 for miscellaneous expenses.

Id.

Defendant does not dispute Ms. Hein's $6000.00 fee relative to her deposition or her claim for $154.55 in expenses.  Defendant, however, does object to the remaining $12,125.00 invoiced for the 14.25 hours Ms. Hein spent before her deposition reviewing and preparing the license agreements and the additional 10 hours spent after her deposition reviewing and preparing the same documents.  Defendant suggests that 8 hours (x $500/hr. fee) in the amount of $4000.00 is more appropriate under the circumstances.  Ms. Hein, however, has declined to reduce her invoice prompting Plaintiff to file the instant Motion on her behalf.

## II. DISCUSSION

Federal Rule of Civil Procedure 26(b)(4)(E) provides that, "unless manifest injustice would result, the court must require that the party seeking discovery ... pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D)."  "The purpose of this rule is both 'to compensate experts for their time in participating in litigation and

---

[1] Ms. Hein originally sent Defendant an invoice seeking fees in the amount of $ 19,404.55, which included time Ms. Hein spent consulting with counsel for Plaintiff.  Following Defendant's objection, Ms. Hein deducted that portion of the invoice and resubmitted an invoice for $18, 279.55. ECF No. 88, ¶¶ 18-21.  See ECF No. 90-1.

3

to prevent one party from unfairly obtaining the benefit of the opposing party's expert work free from cost.'" Ndubizu v. Drexel University, 2011 WL 6046816, at *1 (E.D. Pa. Nov. 16, 2011), *Report and Recommendation adopted by* 2011 WL 6058009 (E.D. Pa. Dec. 6, 2011), *quoting* Hurst v. United States, 123 F.R.D. 319, 321 (D.S.D. 1988). Nevertheless, expert discovery costs are not recoverable if manifest injustice would result or where the fees requested are unreasonable. Id. "The moving party -- the one who seeks reimbursement -- bears the burden of showing that the requested fees and expenses are reasonable." Id. Moreover, "[n]otwithstanding the moving party's showing of reasonableness, the court has an independent duty to determine what fees and expenses are reasonable and must adjust those that are deemed unreasonable.'" Id., *citing* Knight v. Kirby Island Marine Inc., 482 F.3d 347, 356 (5th Cir. 2007).

Here, Defendant argues that Ms. Hein's requested fees with respect to the review and preparation of documents prior to and after her deposition are unreasonable. The Court agrees.

Although it is not disputed that Ms. Hein spent 14.25 hours prior to her deposition reviewing and preparing some of the requested license agreements, at least a portion of that time was making unnecessary and inappropriate redactions which not only rendered the license agreements meaningless, but was arguably in contravention to the subpoena. Indeed, as argued by Defendants -- and Plaintiff does not dispute -- the license agreements that Ms. Hein produced were so heavily redacted that even Ms. Hein could not tell at her deposition what the terms of the license agreements were. See ECF No. 43, ¶ 4. See also Ndubizu v. Drexel University, 2011 WL 6046816, at *2, *quoting* Cabana v. Forcier, 200 F.R.D. 9, 16 (D. Mass. 2001) (noting "good preparation" is in the interest of both parties as it will "lead to more efficient depositions"). While it is unclear whether Ms. Hein took it upon herself to redact the license agreements as she

4

did or whether she did so after consulting with counsel for Plaintiff, who retained Ms. Hein on Plaintiff's behalf, it is abundantly clear that she lacked direction regarding her responses to the subpoena and the extent to which it was appropriate, both legally and professionally, to redact and/or produce the licensing agreements. As a result, and despite Defendant's apparent attempts both prior to and during her deposition to resolve the issues, Defendant was forced to incur additional costs and expenditures by having to file a Motion to Compel Ms. Hein to produce the documents which, in this Court's view, Defendant was clearly entitled to. The fact that Ms. Hein was subsequently required to spend additional time revisiting the license agreements and redacting them appropriately is of no fault of Defendant. To the contrary, had Ms. Hein voiced her objection to the subpoena before undertaking the tedious task of redacting them until they were useless, and/or had counsel for Plaintiff provided Ms. Hein with some guidance to ensure that the subpoena was complied with appropriately, the necessity of having to re-redact the license agreements would have been avoided.

### III.  CONCLUSION

As such, the Court finds that the fees Ms. Hein has invoiced to Defendant in the amount of $12,125.00 for document review and preparation both before and after her deposition are unreasonable under the circumstances, and that Ms. Hein's fee should be adjusted so that Defendant, Ms. Hein and Plaintiff bear equal responsibility for those costs. Accordingly, the following Order is entered:

AND NOW, this 23rd day of September, 2014, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Compensation for Expert Discovery Pursuant to Fed. R. Civ. P. 12(b)(4)(E), ECF No. 88, is DENIED insofar as Plaintiff asks that Defendant be required to fully

compensate Ms. Hein in the amount of $18,279.55;

IT IS FURTHER ORDERED that Defendant, Plaintiff and Ms. Hein shall each bear one-third of the $12,125.00 costs (or $4041.66) associated with Ms. Hein's document review and preparation prior to and following her deposition;

IT IS FINALLY ORDERED that Plaintiff shall compensate Ms. Hein for document review and preparation in the amount of $4,041.66 on or before September 30, 2014, and that Defendant shall compensate Ms. Hein a total of $10,196.21, which includes $4041.66 for document review and preparation, $6000.00 for expenses associated with taking Ms. Hein's deposition, and $154.55 for miscellaneous expenses, on or before September 30, 2014.

BY THE COURT:

/s/ Maureen P. Kelly
UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via CM/ECF